**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KRISTINE GUARIGLIA,<br><br>       Plaintiff,<br><br>v.<br><br>LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE SERVICE BENEFIT FUND,<br><br>       Defendant. | Civil Action No. 18-2 (SDW)(SCM)<br><br><br>**OPINION**<br><br><br>May 16, 2018 |

**WIGENTON**, District Judge.

Before the Court is defendant Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund's ("Defendant") Motion to Dismiss and plaintiff Kristine Guariglia's ("Plaintiff") Cross Motion for Partial Summary Judgment. Jurisdiction is proper pursuant to 28 U.S.C. § 1132(e)(1). Venue is proper pursuant to 28 U.S.C. § 1132(e)(2). This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Cross Motion is **DENIED**.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On April 4, 2012, Plaintiff was a participant in a health plan (the "Plan") administered by Defendant, when Plaintiff tripped and was injured due to a pothole in a public roadway. (Compl. ¶¶ 4-5.) As a result, Plaintiff incurred medical expenses and may continue to incur expenses in

the future due to the injuries she sustained. (*Id.*) The Plan is governed by the Employee Retirement Income and Security Act, 29 U.S.C. § 1001 et seq., ("ERISA"). (*Id.* ¶ 1.)

On November 13, 2012, Plaintiff filed a lawsuit in the Superior Court of New Jersey against James R. Ientile, Inc., Esposito Construction, the Borough of Matawan, Borough of Matawan Sewerage Authority, XYZ Corp., and John Does 1-10 for personal injuries arising from her accident ("Liability Action"). (*Id.* ¶ 6.) Plaintiff also filed a claim against the Plan for payment of medical expenses incurred in connection with the injuries that she sustained. (*Id.* ¶ 7.) The Plan advised Plaintiff that before it would cover her medical costs, it required her to execute an Agreement to Reimburse and for Equitable Lien (the "Agreement") "by which plaintiff would have agreed to reimburse the Plan out of any recovery" that she could realize as a result of the Liability Action. (*Id.* ¶¶ 8-9.) Plaintiff declined to sign the Agreement. (*Id.* ¶ 9.)

On February 25, 2013, Plaintiff filed suit in this Court, attempting to "compel the Plan to pay her medical expenses notwithstanding her refusal to sign the Agreement." (*Id.* ¶ 10; *see also Guariglia v. Local 464A United Food & Commercial Workers Union Welfare Serv. Benefit Fund*, Civ. No. 13-1110, 2013 WL 6188510 (D.N.J. Nov. 25, 2013) ("*Guariglia I*"). Shortly thereafter, Defendant moved to dismiss and Plaintiff filed a cross motion for summary judgment. *Guariglia I*, 2013 WL 6188510 at *2. This Court granted Defendant's motion on November 25, 2013, finding that the Plan "does not cover healthcare expenses for which a third party is responsible to pay" and that its terms permitted it to condition "payment of medical expenses upon a Reimbursement Agreement." *Id.* at *5. This Court further denied Plaintiff's cross motion, rejecting Plaintiff's argument "that the Plan is required to pay Plaintiff's medical expenses as a primary payor and that it had no valid equitable claim against her recovery from" the Liability Action. *Id.* at *7.

Nearly four years later, the Liability Action went to trial and the jury verdict finding no cause of action was memorialized in an Order for Judgment entered in the state court on May 22, 2017. (Compl. ¶ 12.) On January 2, 2018, Plaintiff filed the instant suit in this Court, again seeking to force Defendant to "pay medical expenses associated with her [L]iability [A]ction." (*Id.* ¶ 17.) Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4.) Plaintiff opposed the motion and filed a cross motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 5.)

## II. LEGAL STANDARD

### Motion to Dismiss

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*,

578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations,

unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

### III. DISCUSSION

Before this Court turns to the substance of the parties' motions, it must first address Defendant's argument that the doctrine of claim preclusion bars Plaintiff's suit. (Dkt. No. 4-1 at 6-9.) Res judicata, or "claim preclusion," "is a court-created rule that is designed to draw a line between the meritorious claim on the one hand, and the vexatious, repetitious and needless claim

on the other hand." *Purtner v. Heckler*, 771 F.2d 682, 689-90 (3d Cir. 1985). The doctrine applies when there has been "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Grp., Inc.,* 584 F.3d 169, 172–73 (3d Cir. 2009) (citation omitted); *see also Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016). In short, claim preclusion "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen. of U.S.,* 621 F.3d 340, 347 (3d Cir. 2010); *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 260 (3d Cir. 2010); *see also Sai Ram Imports, Inc. v. Meenakshi Oversees LLC*, Civ. No. 17-1872, 2018 WL 2045996, at *4 (D.N.J. May 1, 2018) (noting that cases arise from the same cause of action where they share "an essential similarity of . . . underlying events") (internal citation omitted); *Queen v. Cedarbrook Condo. Ass'n, Inc.*, Civ. No. 14-6393, 2015 WL 790592, at *3 (D.N.J. Feb. 24, 2015)

All three elements are present here. The parties in this suit and *Guariglia I* are identical. In addition, the core events and issues giving rise to Plaintiff's claims in this suit and *Guariglia I* are the same, namely the question of what, if any, obligation the Plan has to pay for Plaintiff's medical care arising from her injuries. *See Guariglia I*, 2013 WL 6188510 at *5 (addressing the Plan's obligation to cover medical expenses "for which a third party is responsible" and the Plan's authority to deny payment in the absence of a reimbursement agreement).[1] Finally, this Court's decision in *Guariglia I* dismissing Plaintiff's claims acted as a final judgment on the merits. *See*

---

[1] The entry of the jury verdict in the state court Liability Action does not change this Court's analysis. The existence of new facts arising after a final judgment are irrelevant for the purposes of a claim preclusion analysis where "the material facts alleged in each suit are the same" and where "the witnesses and documentation required to prove the allegations are the same." *Foster v. Denenberg*, 616 F. App'x. 472, 474 (3d Cir. 2015). Further, in her initial cross motion for summary judgment in *Guariglia I*, the Plaintiff previously raised, and this Court considered, the possibility that "there will be no determination of liability by the tortfeasors" because Plaintiff claimed that she did not include medical expenses in her claim. (Civ. No. 13-1110, Dkt. No. 7-1 at 6-7; *see also Guariglia I*, 2013 WL 6188510 at *1.)

FED. R. CIV. P. 41(b) (noting that "unless the dismissal order states otherwise," the involuntary dismissal of claims "operates as an adjudication on the merits"); *Kreidie v. Secretary, Pa. Dep't of Revenue*, 574 Fed. App'x. 114, 117-18 (3d Cir. 2014) (treating a dismissal "silent as to its prejudicial effect" as an adjudication on the merits); *Alston v. Parker*, 363 F.3d 229, 232 (3d Cir. 2004). Because Plaintiff's claims are barred by the claim preclusion doctrine, Defendant's motion to dismiss will be granted and Plaintiff's cross motion for summary judgment will be denied.

## IV. CONCLUSION

For the reasons set forth above, this Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Cross Motion for Summary Judgment.

                                                                                  /s/ Susan D. Wigenton
                                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Steven C. Mannion, U.S.M.J.
      Parties